IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ONM LIVING LLC, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:23-CV-00045-SDJ-CAN |
| v. § | |
| § | |
| KIMBERLY D. JOHNSON, § | |
| § | |
| Defendant. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Kimberly D. Johnson's Notice of Removal [Dkt. 1]. Also pending is Defendant's Emergency Motion for Temporary Restraining Order ("Motion for TRO") [Dkt. 4] and Motion to Amend Notice of Removal [Dkt. 5].[1] Having considered the Notice of Removal, the Motion for TRO, and all other filings, the Court recommends, *sua sponte*, that the above-referenced cause be **REMANDED** to the appropriate state court, and that Defendant's Motion for TRO be **DENIED**, as set forth herein.

BACKGROUND

On January 17, 2023, *pro se* Defendant Kimberly D. Johnson ("Defendant") removed this matter from state court to the Eastern District of Texas. This case arises out of an on-going forcible detainer and eviction action brought by Plaintiff ONM Living LLC ("Plaintiff") in state court regarding Defendant's residential lease on the subject property located at 2324 Courtney Way, Lewisville, Texas, 75067 (the "Property").

---

[1] The Notice of Removal does not include a copy of the state court docket sheet(s), nor the pleadings, the answer(s), or any order served upon Defendant, which the removing party is required to include in its Notice of Removal pursuant to Eastern District of Texas Local Rule CV-81(c). Defendant filed a Motion to Amend Notice of Removal, which remains pending, stating she "inadvertently left out 7 pages of the document that supports all of the claims alleged" [Dkt. 5]. It is unclear if the pages Defendant references having omitted are the state court filings. On May 4, 2023, the Court ordered the Parties to supplement the record with the required removal documents by May 10, 2023, including specifically the petition(s) filed in state court by Plaintiff [Dkt. 9]. No supplemental documents were filed.

*State Court Proceedings*

On September 26, 2022, Plaintiff initiated this forcible detainer and eviction action against Defendant by filing its Petition for Eviction Case in the Justice Court, Precinct No. 3, Denton County, Texas, Case No. E22-2215J3. *ONM Living LLC v. Johnson*, No. E22-2215J3 (Denton Cnty. Just. Ct. No. 3, Tex. Oct. 13, 2022).[2] A judgment for Plaintiff granting possession over the Property was entered on October 13, 2022. *Id.* On October 17, 2022, Defendant filed a notice of appeal. *Id.* On October 24, 2022, Defendant's appeal from the Justice Court's final judgment was filed in the County Court at Law No. 2, Denton County, Texas, Case No. CV-2022-03570-JP. *ONM Living LLC v. Johnson*, No. CV-2022-03570-JP (Denton Co. Ct. at Law No. 2, Tex. Nov. 21, 2022). On November 21, 2022, the County Court at Law held an appeal hearing and entered a final judgment upholding the Justice Court's award of possession to Plaintiff. *Id.* On December 5, 2022, Plaintiff requested a writ of possession be issued by the County Court at Law, which was returned served on Defendant on December 7, 2022. *Id.* Defendant filed an appeal of the County Court at Law's final judgment in the Court of Appeals Second Appellate District of Texas at Fort Worth, Case No. 02-22-00466-CV. *Johnson v. ONM Living LLC*, No. 02-22-00466-CV (Tex. App.—Fort Worth Feb. 2, 2023, order).[3] On December 6, 2022, Defendant filed an "Emergency

---

[2] The Court takes judicial notice of the underlying state court proceedings. Notwithstanding the defects to the Notice of Removal, the Court properly takes judicial notice of the state court eviction proceedings, as "[t]he proceedings at issue are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged." *See Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015). The Court "may take judicial notice of the filings in state district court [including the complaint] as they are matters of public record." *See Malloy v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-379-G (BH), 2018 WL 5315840, at *3 (N.D. Tex. Oct. 5, 2018) (citing *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court ... to establish the fact of such litigation and related filings")), *report and recommendation adopted*, No. 3:18-CV-0379-G (BH), 2018 WL 5312839 (N.D. Tex. Oct. 26, 2018).

[3] Defendant filed an earlier appeal to the Fort Worth Court of Appeals, which was dismissed for want of jurisdiction, Defendant having filed an appeal that was not from a final judgment or otherwise an appealable interlocutory order. *Johnson v. ONM Living LLC*, No. 02-22-00439-CV, 2022 WL 17842142 (Tex. App.—Fort Worth Dec. 22, 2022, no pet. h.) (per curiam) (mem. op.). In dismissing that appeal, the court noted it had since received another notice of appeal and a copy of a final judgment, and this second appeal is the proceeding relevant here. *See id.* at *1 n.1.

Motion to Stay Writ of Possession," requesting the appellate court stay the writ of possession pending appeal.[4]  *Id.*  Prior to any ruling on the motion to stay, on December 21, 2022, Defendant filed a second request for a stay through her "Sworn Ex Parte Emergency Motion to Stay Writ of Possession and Request for Temporary Restraining Order Against Appellee" ("Motion to Stay and Request for TRO"); on January 2, 2023, Plaintiff timely filed a response.  *Id.*  On January 30, 2023, the state appellate court denied the Motion to Stay and Request for TRO.  *Id.*  That appeal is not final, however; on February 2, 2023, the state appellate court stayed the cause, considering Defendant's removal to this Court.  *Id.*

Relevant to the propriety of removal to federal court, Defendant's Motion to Stay and Request for TRO raise several challenges to the eviction proceedings, including that Plaintiff is not the owner of the subject property and urging that the affirmative defenses of res judicata and collateral estoppel bar the judgment of possession in favor of Plaintiff.  *See id.* (Def.'s Mot. to Stay).  Defendant requests the writ of possession be stayed until the owner of the Property is determined, more specifically asserting that she would be irreparably harmed if possession was granted "to an entity that has been proven by way of public records, i.e. Deed and property records who do not own the property and its alleged agent had no authority to file any of the Petition for Eviction, ONM LIVING LLC vs. KIMBERLY JOHNSON."  *Id.*  Important here, Defendant raises substantially similar allegations and requests similar relief in the instant Sworn Notice of Removal and request for TRO (and these filings are, in large part, copied verbatim), that were pending in the state court of appeals prior to the stay of that appeal.

---

[4] On December 5, 2022, the same day Plaintiff requested a writ of possession from the County Court at Law, Defendant filed a "Motion to Stay Writ of Possession Pending Appeal" before the court of appeals; however, on December 12, 2022, Defendant withdrew that motion.

REPORT AND RECOMMENDATION—Page 3

*Notice of Removal*

Defendant cites federal question jurisdiction and supplemental jurisdiction in the Notice of Removal as the basis for jurisdiction [Dkt. 1 at 2]. Defendant further alleges:

> violations of 28 U.S.C. § 1443 Civil Rights Act, Fourth Amendment to United States Constitution, Fourteenth Amendment Due Process Clause, Section 4024(b) of the Coronavirus Aid to enjoin state judicial eviction proceedings (iii); Fifty-Eighth Emergency Order Regarding the COVID-19 State of Disaster claims based on anti-discrimination statutes such as the Fair Housing Act, Texas Property Code 24, Texas Property Code 92; 42 U.S.C 1981, 42 U.S.C §360 and Diversity of Citizenship.

[Dkt. 1 at 1]. The gravamen of Defendant's filings is her assertion that the underlying state court eviction proceedings are barred by res judicata and collateral estoppel [Dkt. 1 at 3-6]. She urges that the instant state eviction proceedings are barred by the doctrine of res judicata under Texas law because Plaintiff had previously filed at least two other eviction actions, and Defendant contends the final judgment declining to award possession to Plaintiff bars the third action [Dkt. 1 at 3-6], which is now before this Court upon removal. No proper basis for removal to this Court exists. Upon review, the Court finds it lacks subject matter jurisdiction over this removed eviction and forcible detainer proceeding and *sua sponte* recommends remand.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." 28 U.S.C. § 1447(c); *see Nahlawi v. Burton-Dabney*, No. 4:14CV609, 2015 WL 139764, at *1 (E.D. Tex. Jan. 9, 2015) ("Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking."). In an action that has

been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, No. 4:18-CV-00837, 2020 WL 512507, at *2 (E.D. Tex. Jan. 31, 2020) (citing *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014)) ("When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("any federal court may raise subject matter jurisdiction *sua sponte*"). Therefore, even though no motion to remand has been filed, the Court may consider whether it has subject matter jurisdiction over an eviction proceeding removed to federal court. *See Sanders v. Wright*, 5:17CV131-RWS-CMC, 2017 WL 3599536, at *4 (E.D. Tex. Aug. 22, 2017) ("Even though there was no motion to remand pending, it was proper for the Magistrate Judge to *sua sponte* examine whether the Court has subject matter jurisdiction over this removed case.").

The general removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," *or* over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332.

## ANALYSIS

The Court recommends this case be *sua sponte* remanded for lack of subject matter jurisdiction. The Court lacks federal question jurisdiction over this cause.[5] Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (internal quotation marks omitted); *see Tex. Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co.*, 380 F. Supp. 3d 580, 586 (E.D. Tex. 2019) ("[I]f the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim."). Generally, under the well-pleaded complaint rule, a case does not arise under federal law and thus is not removable if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action. *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).

It is well settled that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction. *Bank of N.Y. Mellon v. Grewal*, No. 4:22-cv-34, 2022 WL 1206668, at *5 (E.D. Tex. Mar. 23, 2022) (citing *Ellsberry v. Crouse*, No. 3:21-cv-2126, 2021 WL 4268281, at *2 (N.D. Tex. Sept. 9, 2021), *report and recommendation adopted*, No. 3:21-cv-2126, 2021 WL 4265765 (N.D. Tex. Sept. 20, 2021)), *report and recommendation adopted*, No. 4:22-cv-34, 2022 WL 1204093 (E.D. Tex. Apr. 22, 2022). Applying the well-pleaded complaint rule,

---

[5] To the extent Defendant mentions diversity of citizenship in passing [Dkt. 1 at 1], for jurisdiction to exist under § 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Defendant pleads that Plaintiff and Defendant are both citizens of Texas in the Notice of Removal [Dkt. 1 at 1], and nowhere is the amount in controversy stated or otherwise satisfied.

Plaintiff's Petition filed in the Justice Court raises a single cause of action for forcible detainer (eviction), with the primary purpose of obtaining physical possession of the Property under state law. Plaintiff's eviction petition does not raise any question under federal law, nor does Plaintiff's right to relief depend on the resolution of any substantial, disputed question of federal law. Rather, Plaintiff asserts a traditional state law claim for forcible detainer. *See Progress Residential v. Crump*, No. 4:18-CV-0467, 2018 WL 4572710, at *2 (E.D. Tex. Aug. 28, 2018) (recognizing no basis for a federal question where "Plaintiff's pleading raises a single cause of action for forcible detainer."), *report and recommendation adopted*, No. 4:21-CV-467, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018). Removed state-law forcible detainer actions that provide no basis for federal question jurisdiction should be remanded. *See Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4-5 (E.D. Tex. Nov. 22, 2016) (remanding a forcible detainer action under similar facts) (citing *U.S. Bank, N.A. v. Allain*, No. 1:14-CV-670, 2015 WL 679233, at *2-3 (E.D. Tex. Feb. 17, 2015); *Nahlawi*, 2015 WL 139764, at *2 ("Plaintiff merely filed a forcible detainer action and asserted no federal claims. Nothing about the state law forcible detainer action appears to raise issues of federal law; therefore, there was no federal subject matter jurisdiction upon which to base removal, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law."); *see also Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10–CV–1321–L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (remanding forcible detainer action where the plaintiff's complaint did not raise a federal issue and the state law claim for forcible detainer was not preempted by federal law).

Moreover, "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). "There has never been a suggestion that a

defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 n.2 (5th Cir. 1998); *see Stump*, 322 F. App'x at 380 ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). Defendant has not pleaded any factual allegations demonstrating that Plaintiff violated the Fourth Amendment, the Fourteenth Amendment, any anti-discrimination provision in the Fair Housing Act, any federal or state provision related to stays of eviction proceedings during COVID, or any specific provision of Chapters 24 or 92 of the Texas Property Code [*See* Dkt. 1]; even if she had, such assertions would not change the nature of *Plaintiff's claim* for eviction and cannot be considered in determining the existence of removal jurisdiction. *See Stump*, 322 F. App'x at 380 (dismissing appeal of removal of state court eviction action). And further, even if a defense based on federal law did constitute a valid basis for removal, the defense of res judicata—the primary focus of Defendant's Notice of Removal—does not raise any question of federal law. As the Notice of Removal makes clear, Defendant's arguments rely entirely on Texas state law res judicata principles [*See* Dkt. 1 at 3-6].

  Further, supplemental jurisdiction does not provide an independent basis for removal. A federal court's supplemental jurisdiction over state-law claims is limited to "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because the Court lacks original jurisdiction over this forcible detainer action, supplemental jurisdiction provides no basis for removal. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Holders of GSAMP Tr.*

*2005-AHL Mortg. Pass-Through Certificates, Series 2005-AHL v. Armendariz*, No. EP-14-CV-00176-PRM, 2014 WL 12877033, at *4 (W.D. Tex. June 30, 2014) (citing *Zewe v. L. Firm of Adams & Reese*, 852 F. Supp. 516, 520 (E.D. La. 1993)) ("Because the Court has determined that it does not have original jurisdiction over Plaintiff's forcible detainer action, it finds that Defendants' argument that removal was proper pursuant to 28 U.S.C. § 1367 is now moot.").

Finally, the Court recommends Defendant's Motion for TRO [Dkt. 4] be denied. There are four prerequisites for obtaining a temporary restraining order or a preliminary injunction: "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 529-30 (5th Cir. 2020) (quoting *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019)). The Motion for TRO does not address these requirements. Moreover, granting leave to amend would be futile because the Court lacks jurisdiction to issue the relief ultimately requested, even if the substantive requirements for the motion had been met.

More specifically, Defendant's Motion for TRO requests the Court "enter an Order restraining the County Court at Law No. 2 of Denton County and Judge Robert Ramirez from entering an order of Writ of Possession" [Dkt. 4 at 2].[6] The Court lacks subject matter jurisdiction to issue such injunctive relief preventing Plaintiff "from executing a writ of possession lawfully obtained by a Texas court." *See Henderson v. Larkin St. Homes, LLC*, No. 4:23-CV-0084-O-BP, 2023 WL 2072090, at *2 (N.D. Tex. Feb. 17, 2023) (citing *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013)), *report and recommendation adopted*, No. 4:23-CV-00084-O-

---

[6] The Motion for TRO states it is filed against Judge Robert Ramirez and "Kimberly M.J. Sims," counsel for Plaintiff [Dkt. 4 at 1]. The Court notes that neither Judge Ramirez nor Ms. Sims are named as parties to this removed action, and the Motion for TRO provides no basis for the Court to exercise jurisdiction over them as non-parties.

BP, 2023 WL 2090989 (N.D. Tex. Feb. 17, 2023). Here, the Justice Court entered a judgment for possession in favor of Plaintiff. On appeal, the County Court at Law upheld this finding and entered final judgment on November 21, 2022; it used a writ of possession on January 26, 2023, which was returned served on Defendant on February 6, 2023. Defendant's appeal of the County Court at Law's judgment to the Fort Worth Second Court of Appeals is not yet final, having removed the underlying proceeding to this Court prior to the appellate court issuing a final judgment on the merits of the appeal. Therefore, any relief now sought by Defendant in federal court challenging the judgment and writ of possession is precluded by the Anti-Injunction Act.[7] *See Henderson*, 2023 WL 2072090, at *2 (collecting cases) ("Henderson's request for an injunction to prevent Defendants from any eviction or forcible detainer[] seeks relief that falls outside of this Court's jurisdiction under the Anti-Injunction Act"). Further, because the state court appeal is not yet final, the Court should also abstain from granting the TRO based on the *Younger* abstention doctrine.[8] *See Hernandez v. PreCab, Inc.*, No. 1:15-CV-275, 2015 WL

---

[7] "The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). "A court may not grant injunctive relief that would enjoin a party 'from enforcing a valid extant judgment of a Texas court.'" *Williams v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-CV-00664-P-BP, 2020 WL 6276083, at *7 (N.D. Tex. Oct. 6, 2020) (quoting *Knoles*, 513 F. App'x at 416), *report and recommendation adopted sub nom. Williams v. Deutsch Bank Nat'l Tr. Co.*, No. 4:20-CV-00664-P-BP, 2020 WL 6273766 (N.D. Tex. Oct. 25, 2020). Because Defendant's request would have the "practical effect" of enjoining Plaintiff "from enforcing a valid extant judgment of a Texas court," the Court "is denied jurisdiction to grant that relief by the Anti–Injunction Act." *See Knoles*, 513 F. App'x at 416.

[8] The *Younger* abstention doctrine "require[s] federal courts to abstain from entering injunctions that would interfere with state court proceedings." *See Hernandez*, 2015 WL 12747815, at *2. A three-part test determines whether *Younger* abstention is appropriate: "(1) the dispute must involve an ongoing state judicial proceeding, (2) the subject matter of the proceeding must involve an important state interest, and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges." *Id.* (citing *Texas Ass'n of Bus. v. Earle*, F.3d 515, 519 (5th Cir. 2004)). Here, the state court proceeding is ongoing since Defendant removed this case during the pendency of her state appeal. *See id.* Moreover, Defendant's appeal to the state appellate court provides a sufficient forum for challenging the eviction "based on broader claims—including disputes about title and, presumably, any federal or constitutional claims." *See id.* Having reviewed Defendant's Motion to Stay and Request for TRO filed in the state appellate court, she raised nearly identical "claims" as alleged in the Notice of Removal, discussed *supra*. The state court denied that motion, but the judgment is not final, having been stayed upon removal. For this additional reason, the Motion for TRO seeking relief in federal court should be denied. *See id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)) ("Proper respect for state proceedings, as prescribed by *Younger*, begins with a presumption that state courts are capable of safeguarding constitutional rights, and there is no basis for disturbing that presumption here.").

12747815, at *2 & n.2 (E.D. Tex. Aug. 25, 2015) (collecting cases) ("Many courts have faced similar requests for injunctive relief regarding state eviction proceedings and have abstained based on the *Younger* doctrine."); *Chamberlain v. 625 Orleans, LP*, No. 1:11-CV-140, 2011 WL 1627080, at *3 (E.D. Tex. Apr. 18, 2011) ("the Court should abstain from considering Chamberlain's request for injunctive relief in the form of a TRO protecting her from eviction. Issuing the requested relief would violate the *Younger* abstention doctrine by directly affecting the ongoing state court eviction proceeding."), *report and recommendation adopted sub nom. Chamberlain v. 625 Orleans, L.P.*, No. 1:11-CV-140, 2011 WL 1629648 (E.D. Tex. Apr. 28, 2011).[9]

The Court lacks subject matter jurisdiction over Defendant's collateral attack on the Justice Court's determination and the County Court at Law's issuance of the writ of possession. In sum, the Court finds that it lacks jurisdiction over this removed eviction proceeding and therefore recommends it be remanded to the appropriate state court. The Court similarly recommends Defendant's Motion for TRO be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends this case be *sua sponte* **REMANDED** to

---

[9] Because the full state court docket sheets and filings are not in the record before the Court, out of an abundance of caution, the Court notes that it would lack jurisdiction to issue the injunctive relief under the *Rooker–Feldman* doctrine in the alternative. The *Rooker–Feldman* doctrine has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). If the eviction judgment in the Justice Court and the writ of possession issued by the County Court at Law are "final" judgments and not "ongoing" proceedings, the Court should still decline to enjoin the writ of possession. Defendant "is arguing that there was a procedural error at issue in the state-court trial" and that her "eviction was not conducted in accordance with due process"; *Rooker–Feldman* therefore applies, since Defendant would be "asking this Court to vacate the state-court judgment." *See DeVilbiss v. Jackson,* No. SA-20-CV-00878-OLG, 2020 WL 5249246, at *3 (W.D. Tex. Sept. 3, 2020), *report and recommendation adopted*, No. SA-20-CV-878-OLG, 2020 WL 10054537 (W.D. Tex. Oct. 29, 2020); *see also Chamberlain*, 2011 WL 1627080, at *4 ("Because Chamberlain filed this suit originally in an attempt to 'remove' the underlying eviction proceedings and her requested relief would be a direct bar to her eviction under the Justice of the Peace's orders, it is evident that she is directly attacking the underlying state court orders and her claims herein are inextricable intertwined with the state court orders.").

the appropriate state court. The Court further recommends that Defendant's Emergency Motion for Temporary Restraining Order [Dkt. 4] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE